**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**EDNERE FRANCOIS,
ALIEN # A74-012-615,**

      Petitioner,

vs.                                        Case No. 4:09cv69-MP/WCS

**MICHAEL B. MUKASEY,
ATTORNEY GENERAL OF THE
UNITED STATES, et al.,**

      Respondents.

_____/

## REPORT AND RECOMMENDATION

      Petitioner, proceeding *pro se*, filed a petition seeking a writ of habeas corpus under § 2241 in this Court on February 17, 2009.  Doc. 1.  Petitioner states within the petition that at the time of filing, he was housed at the Wakulla County Jail in Crawfordville, Florida.  However, closer review of this case and the recently filed motion seeking leave to proceed *in forma pauperis*, doc. 4, filed on March 9, 2009, indicates Petitioner is located in Lumpkin, Georgia at the Stewart Detention Center.  The envelope which was used by Petitioner to mail the initial petition to the Court, doc. 1, provides a return address for Petitioner in Georgia, providing clarification that at the time of case initiation, Petition was already at the Stewart Detention Center.

Generally, the proper defendant in a habeas case is the petitioner's "immediate custodian," that is, the warden of the facility in which the petitioner is incarcerated or detained at the time he files the habeas petition.[1] Rumsfeld v. Padilla, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004); *see also* Braden v. 30th Judicial Circuit Court of Ky., 410 U.S. 484, 494-495, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973).  The simple and consistently applied rule in these cases is that "[w]henever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."  Padilla, 542 U.S. at 447, 124 S.Ct. at 2724.  Being moved *after* filing a petition will not effect the court's jurisdiction, as jurisdiction attaches upon the initial filing of the § 2241 petition, and will not be destroyed by Petitioner's subsequent Government-effectuated transfer and accompanying change in physical custodian. Padilla, 542 U.S. at 440-41, 124 S.Ct. at 2721; *see e.g.,* Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005), *quoting* in Francis v. Rison, 894 F.2d 353, 354 (9th Cir. 1990). In this case, Petitioner was not within the Northern District of Florida when the case was initiated.  Therefore, this action should be transferred to Georgia where Petitioner resided when he mailed this § 2241 petition to this Court.  As Lumpkin, Georgia is within Stewart County, Georgia, this action should be transferred to the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 90.

---

[1] Padilla rejected the view that in "cases involving prisoners detained for 'other than federal criminal violations,' " a proper respondent may be "the person exercising the 'legal reality of control' over the petitioner . . . ."  542 U.S. at 437, 124 S.Ct. at 2719.

In light of the foregoing, it is respectfully **RECOMMENDED** that this petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241 by Petitioner Ednere Francois, be **TRANSFERRED** to the United States District Court for the Middle District of Georgia, Macon Division, pursuant to 28 U.S.C. § 90 for all further proceedings as this Court lacks jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on March 18, 2009.

 s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**